UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE HERNANDEZ MARTINEZ,

Petitioner,

v.

TONYA ANDREWS, ET. AL.,

Respondents.

No. 1:26-cv-09002-DAD-CKD (HC)

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

(Doc. No. 4)

On November 2, 2026, petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion to proceed *in forma pauperis* (Doc. No. 2), motion for appointment of counsel (Doc. No. 3), and a motion for temporary restraining order seeking his immediate release from custody (Doc. No. 4). On November 3, 2026, the court set a briefing schedule on the pending motion for temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 7.) Respondent was further directed to state any opposition that he had to the court's stated intention to rule on the underlying petition based on the current briefing before it as well as to provide substantive reasons in support of his position in this regard in his opposition. (*Id.*)

On November 5, 2026, respondents filed an opposition to the pending motion. (Doc. No. 8.) In that opposition, respondents argue that this case is distinguishable from the cases cited in the court's order because petitioner is subject to a reinstated order of removal and is necessarily detained, therefore, pursuant to 8 U.S.C. § 1231. (*Id.* at 2–4.)

Based upon the parties' briefing, the court finds the following facts. Petitioner is a native and citizen of Mexico, who last entered the United States on an unknown date and at an unknown time. Petitioner has previously been removed from the United States pursuant to a final order of removal multiple times. (Doc. Nos. 1 ⁋ 12; 8-1 at 15; *Id.* at 4; *Id.* at 13–16.) On October 8, 2026, petitioner was encountered by immigration agents at the Tehama County Jail in Red Bluff, California apparently when he appeared there to surrender in connection with a driving under the influence conviction he had suffered. (Doc. No. 8-1 at 13–16.) Thereafter, on the same date, immigration officials issued an official Warrant for Removal/Deportation (Form I-205) and a Notice of Intent/Decision to Reinstate Prior Order (Form I-871) upon discovery of petitioner's prior removal orders. (*Id.* at 1–8.)

The undersigned has previously explained that when a noncitizen's removal order is reinstated, they are subject to detention pursuant to 8 U.S.C. § 1231. *Kumar v. Wofford,* No. 1:26-cv-01391-DAD-CSK, 2026 WL 710323, *1 (E.D. Cal. Mar. 13, 2026). Further, when an individual re-enters the United States after having been previously removed pursuant to a removal order, "the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed" and that individual "shall be removed under the prior order at any time after the reentry." 8 U.S.C. § 1231(a)(5). Moreover, reinstated removal orders are "administratively final," *Johnson v. Guzman Chavez*, 594 U.S. 523, 533–35 (2021), and once a removal order becomes administratively final, the noncitizen must be detained for a 90-day period, commonly referred to as the "removal period," during which, the government must effectuate that noncitizen's removal. *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001).

Here, petitioner is subject to a final removal order that was reinstated on October 8, 2026. (Doc. No. 8-1 at 4.) Petitioner's reinstatement falls, therefore, squarely within the 90-day removal period and his detention is governed by § 1231(a)(6). The court incorporates its prior

analysis set forth in *Mendoza v. Warden, Golden State Annex Det. Facility,* No. 1:26-cv-05099-DAD-JDP, 2026 WL 2031839, at *1 (E.D. Cal. Jul. 14, 2026), where the court concluded that the petitioner was subject to the 90-day mandatory detention period pursuant to § 1231(a)(2) because his removal order was reinstated approximately one month before the court ruled on the petition for writ of habeas corpus. *See also T.M. v. Warden of the Golden State Annex*, No. 1:26-cv-03789-TLN-CSK, 2026 WL 2210030 (E.D. Cal. Jul. 31, 2026) (reaching the same conclusion for a petitioner who filed his petition twelve days after his removal order was reinstated after concluding that the 90-day mandatory detention period began to run on the date of reinstatement).

Petitioner argues that his detention is prolonged (Doc. No. 4 at 5–7), but nothing in the evidence before the court indicates that petitioner was detained prior to October 8, 2026. Thus, the court finds the petitioner's arguments that his detention is prolonged to be unpersuasive. Nevertheless, the court finds that petitioner's detention is governed by the applicable statutory language of § 1231 and controlling precedent. *Morales-Izquerido v. Gonzales,* 486 F.3d 484, 494 (9th Cir. 2007); *Zadvydas v. Davis*, 533 U.S. at 682.

Because petitioner has not carried his burden of establishing that he is likely to succeed on the merits of his claims, the court need not consider the other *Winter* factors. *California v. Azar*, 911 F.3d 558, 575 (9th Cir. 2018) ("Likelihood of success on the merits is 'the most important' factor; if a movant fails to meet this 'threshold inquiry,' we need not consider the other factors.") (quoting *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017)). Therefore, the Court will deny petitioner's motion for temporary restraining order.

For the reasons stated above,

1. Petitioner's motion for temporary restraining order (Doc. No. 4) is DENIED without prejudice; and

/////

/////

/////

/////

/////

2. The pending petition for writ of habeas corpus (Doc. No. 1) is REFERRED Magistrate Judge Carolyn K. Delaney for further proceedings.

IT IS SO ORDERED.

Dated: **November 9, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE